IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

01 MAY 23 AM 9:37

DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 23 2001

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff | ) ) ) | Civil Action No. |
| vs. | ) ) ) | 00-C-3578-W |
| MURRAY BISHOP, individually, BISHOP CONSTRUCTION COMPANY, INC., a corporation; and MARY ANNE HELMS, individually and/or as Personal Representative of JAMES F. HELMS, | ) ) ) ) ) ) ) | |
| Defendants | ) | |

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT AGAINST THE REMAINING DEFENDANT

This is a Declaratory Judgment action by the insurer Plaintiff Nationwide Mutual Insurance Company ("Nationwide") against its insureds Defendants Murray Bishop, individually, and his company, Bishop Construction Company, Inc. Nationwide seeks a declaration that it is not obligated to defend and indemnify the Defendants in an underlying action in state court, *Mary Anne Helms v. Murray Bishop and Bishop Construction Company, Inc.* (CV-1999-949, Circuit Court of Tuscaloosa County, Alabama). It maintains that there has not been an "occurrence," within the meaning of the Commercial General Liability Policies ("CGLPs") issued to the Defendants.

Based on the undisputed facts as manifested by the lack of opposition to the motion, the Court concludes that Nationwide is entitled to a declaratory judgment as a matter of law.



I

The underlying *Helms* case involves the construction of a residential home by the Defendants. The plaintiff alleges that there were defects in the construction of the home, and that the workmanship was faulty. She further alleges that defendant suppressed material facts, and generally that the construction contract was breached. She seeks damages for mental anguish as well as the necessary repairs.

The CGLPs issued by Nationwide to the Defendants provide, in relevant part:

SECTION I - COVERAGES
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

    1.    **Insuring Agreement**

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. ... [N]o other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under supplementary payments - coverage A and B.
.....

        b.    This insurance applies to "bodily injury" and "property damage" only if:

            (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"
....

SECTION V - DEFINITIONS
.....
    12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Policy Nos. 77PR175-488-0002A, 77PR175-488-0002B.

II

On these simple but undisputed facts, there is no duty on the part of Nationwide to defend or indemnify neither Murray Bishop individually nor Bishop Construction Company, Inc. *Berry v. South Carolina Insurance Co.,* 495 So.2d 511 (Ala.1985); *U.S. Fidelity & Guaranty Co. v. Warwick Development Co., Inc.,* 446 So.2d 1021 (Ala.1984); *Garrett v. Auto Owners Insurance Co.,* 689 So.2d 179 (Ala.Civ.Ap.1997). Obviously, the claims in the underlying case do not involve an accident; they involve an alleged breach of contract, an alleged failure to perform in a workmanlike manner, and an alleged suppression of material facts. There is no "occurrence" within the meaning of the CGLPs.

By separate order, the requested Declaratory Judgment will be entered.

Done this 22 day of May, 2001.

Chief United States District Judge
U.W. Clemon